NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0459n.06
Filed: June 29, 2007

Case No. 05-3753

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| THE BASKETBALL MARKETING COMPANY, INC., *et al.* | ) ) ) | |
| Plaintiffs-Appellees, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE NORTHERN DISTRICT OF OHIO |
| UPSCALE ENTERTAINMENT AND MARKETING GROUP, *et al.* | ) ) ) | |
| Defendants-Appellants. | ) ) ) | |
| _____ | ) | |

BEFORE: RYAN, BATCHELDER, and SUTTON, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Defendant FX Digital Media, Inc. ("FX Digital") appeals the district court's grant of summary judgment in favor of The Basketball Marketing Company, Inc. and BMC Players, Inc. (collectively "And 1" or "Plaintiffs") on Plaintiffs' claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114.

Plaintiffs own and operate the "And 1 Mix Tape Tour," which is a highly profitable nationwide series of exhibition basketball games. In connection with these enterprises, Plaintiffs own six federally registered trademarks, including the "And 1" name, the "And 1" logo, and the "And 1 Mix Tape." On December 7, 2002, Lisa Thomas ("Thomas"), owner and operator of Upscale Entertainment and Marketing Group ("Upscale"), organized and promoted an exhibition basketball game in St. Louis, Missouri, which she advertised as "The Streeball Legends AND 1 Mix

Tape Tour Basketball Game." Upscale contracted with FX Digital to provide And 1-affiliated players for the game and to print 20,000 flyers stating that the event "featur[ed] players from the AND 1 Mix Tapes[.]" Neither Upscale nor FX Digital requested Plaintiffs' permission to use their trademarks, even though the President of FX Digital, Columbus Woodruff ("Woodruff"), assumed Plaintiffs owned a trademark on "And 1" and its corresponding logo.

Plaintiffs filed suit against Upscale, Thomas, FX Digital, and Woodruff, alleging federal trademark infringement under the Lanham Act, 15 U.S.C. § 1114.[1] The district court granted Plaintiffs' motion for summary judgment against Upscale, Thomas, and FX Digital and ordered these three defendants to pay $40,000 in damages, $28,541.50 in attorneys' fees, and $4,338.61 in costs.[2] FX Digital obtained leave to file a late notice of appeal and brought this appeal, challenging both the finding of infringement and the award of damages and attorneys' fees. No other party appealed.

The district court thoroughly reviewed Plaintiffs' claim of trademark infringement and the law governing that claim. The court concluded that Plaintiffs owned a valid registered trademark and had continuously used the trademark, and that FX Digital's use of the trademark created a likelihood of confusion regarding the sponsorship of the December 7th Event. In determining that a likelihood of confusion existed, the court carefully considered and weighed the eight *Frisch* factors, *see Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F.2d 642, 648 (6th Cir. 1982), and determined that the factors weighed heavily in favor of Plaintiffs' claim of trademark

---

[1]In addition to the claim for violation of the Lanham Act, the Plaintiffs raised six other claims in this action. The district court granted summary judgment in favor of the Plaintiffs on the claims brought under the Ohio common law of trademark infringement and the Ohio Deceptive Trade Practices Act ("ODTPA"), Ohio Rev. Code § 4165.02, and dismissed the remaining claims with prejudice after determining that Plaintiffs had abandoned them. Only the judgment on the Lanham Act claim is challenged in this appeal.

[2]The district court refused to grant summary judgment against Woodruff in his individual capacity, and Plaintiffs eventually dismissed him from the suit.

infringement. The court granted summary judgment to the Plaintiffs, holding that the Defendants had in fact infringed the marks and calculating the $40,000 damages figure based on the profits earned by Upscale from its infringing use of Plaintiffs' trademarks.

After carefully reviewing the record, the applicable law, and the parties' briefs (oral argument was waived in this case), we are convinced that the district court did not err in its conclusion that Plaintiffs were entitled to summary judgment on their federal trademark infringement claim. The evidence is undisputed that FX Digital printed 20,000 flyers stating that the December 7th Event would "featur[e] players from the And 1 Mix Tapes," and that this use of the "And 1 Mix Tape" trademark was not authorized by Plaintiffs. FX Digital produced no evidence suggesting that these flyers would not create a likelihood of confusion that Plaintiffs were the source of the December 7th Event.

FX Digital argues that it did not willfully infringe on Plaintiffs' trademarks and therefore the district court erred in awarding $40,000 in damages. Because "there is no express requirement that the . . . infringer willfully infringe the trade[mark] to justify an award of profits," *Wynn Oil Co. v. Am. Way Serv. Corp.*, 943 F.2d 595, 607 (6th Cir. 1991) (quoting *Roulo v. Russ Berrie & Co.*, 886 F.2d 931, 941 (7th Cir. 1989)) we find no error in the award of damages based on the infringers' profits. Nor do we find error in the district court's holding that FX Digital is jointly and severally liable for the profits earned by Upscale and Thomas. *See Costello Publishing Co. v. Rotelle*, 670 F.2d 1035, 1043 (D.C. Cir. 1981) ("Since joint tortfeasors are jointly and severally liable, the victim of trademark infringement may sue as many or as few of the alleged wrongdoers as he chooses.").

As the district court's opinion carefully and correctly sets out the law governing the issues raised, and clearly articulates the reasons underlying its decision, issuance of a full written opinion

3

by this court would be largely superfluous and serve no useful purpose.  Accordingly, we **AFFIRM**

for the reasons stated in the district court's opinion.